## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH P. DOYLE, | ) | CASE NO. 1:19CV2426 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ATHAN C. SARANTOPOULOS, et. al, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff Kenneth P. Doyle ("Plaintiff") against defendants Athan Sarantopoulos and Despina Sarantopoulos (collectively "Defendants"). (ECF DKT #1). Plaintiff brings this action regarding a property dispute pursuant to the Court's diversity jurisdiction – 28 U.S.C. § 1332. (ECF DKT #1-1). Also before the Court is Plaintiff's motion to proceed *in forma pauperis* (ECF DKT #2) which is granted, and Plaintiff's motions for default judgment (ECF DKT #9 and 10) which are denied.

For the reasons that follow, this action is dismissed.

### I. BACKGROUND

According to the Complaint, Defendants breached a contract with Plaintiff regarding the sale of property located at 3617 Trowbridge Avenue in Cleveland, Ohio (the "Property"). (ECF DKT #1 at 2). He also alleges that Defendants violated various provisions of the Ohio Revised Code. (*See id.* at 5). Following a detailed account of the events from which this lawsuit arose, Plaintiff asserts three claims for relief: Claim 1-Defendants breached the terms of a contract regarding the Property; Claim 2-Defendants were negligent regarding communications with

respect to the Property; and Claim 3-Defendants breached a warranty regarding the Property. (*See id.* at 9). For relief, Plaintiff seeks $100,000.00. (*Id.*).

## II. DISCUSSION

### A. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. The Court Lacks Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of

citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Plaintiff claims that diversity jurisdiction – 28 U.S.C. § 1332 – is the basis for the Court's authority over this case. (ECF DKT #1-1). Diversity jurisdiction is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one State and all of the defendants are citizens of other States. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

The face of the Complaint identifies addresses for Plaintiff and Defendants in Cleveland, Ohio. Even with the benefit of liberal construction, there are no allegations in the Complaint from which this Court may infer that Plaintiff and Defendants are citizens of different States as required to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Nor has Plaintiff alleged a federal question and none is apparent on the face of the Complaint. In the absence of a cognizable federal question or a claim over which this Court may exercise diversity jurisdiction, the Court lacks subject matter jurisdiction and the Complaint must be dismissed pursuant to Rule 12(h)(3). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

## III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of federal subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis* is granted. (ECF DKT #2). Plaintiff's motions for default judgment are denied. (ECF DKT #9 and 10).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                         **CHRISTOPHER A. BOYKO**
                                         **Senior United States District Judge**

**Dated:** 2/10/2020